UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

| | | |
|---|---|---|
| **NICHOLAS STOVER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 5:19-CV-54-JMH |
| | ) | |
| **AMAZON.COM, LLC, *et al*.,** | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' BILL OF COSTS

Plaintiff Nicholas Stover, by counsel, for his response to the Defendants' Bill of Costs filed on April 3, 2020 (DN 86), states as follows.

Plaintiff asserts the following objections to the Defendants' Bill of Costs.

### Argument

### 1. The Court should excuse Mr. Stover from paying costs because he is in a dire financial circumstance and prosecuted his case in good faith and with propriety.

Mr. Stover is one of the 22 million Americans who have lost employment because of the coronavirus pandemic. *Aff. of Nicholas Stover*, attached as Exhibit 1, ¶¶ 4-8. His circumstance is particularly worsened by his disability, Crohn's disease. Mr. Stover's compromised immune system makes him especially vulnerable to COVID-19. *Id.* ¶ 6. Even if the American economic landscape were to improve in 2020, in the absence of a vaccine, Mr. Stover's future employment options are significantly limited indefinitely by the dangers of interacting with others.

Mr. Stover owns no real estate, has no savings, lives rent-free in a home owned by a relative, is receiving about $180 per week in short-term unemployment benefits, and the car he

drives was inherited by his wife following her father's death. *Id.* ¶¶ 7-11. Mr. Stover's current debts, which he has no ability to pay, stand at $35,678. *Id.* at ¶ 13.

Accordingly, Mr. Stover asks that the Court exercise its discretion and deny the Defendants' Bill of Costs in its entirety because of his limited financial resources.

"[W]hen a party claims indigency, [the Sixth Circuit] requires a determination of his or her capacity to pay the costs assessed." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989) (concerning a *pro se* plaintiff's claim of inability to pay the costs taxed against him). The burden is upon the plaintiff to show that he is incapable, as a practical matter, of paying such costs. *Jones v. Kolb*, 84 F. App'x 560, 561–62 (6th Cir. 2003).

As another Court within the Sixth Circuit concisely stated the considerations,

Fed. R. Civ. P. 54(d) creates a rebuttable presumption that the cost of litigation will be awarded to the prevailing party unless the Court finds otherwise, and 28 U.S.C. § 1920 sets forth the scope of costs that are properly recoverable. Costs will be awarded to the prevailing party unless the non-prevailing party presents factors that are sufficient to override or mitigate the award of costs.

The evaluation of the appropriate taxation of costs is more than the mechanical application of the above standards and ought to address the following basic issues: (a) Whether the party submitting the Bill of Costs was the prevailing party in the case; (b) Whether the costs claimed by the prevailing party are proper under 28 U.S.C. § 1920; (c) Whether these costs are reasonable in amount and actually incurred in prosecuting or defending the related action; (d) Whether the claimed costs were adequately documented; and (e) Whether there are factors that otherwise overcome the presumption to award costs to the prevailing party.

As to the possible factors presented in subsection (e) above, to overcome the presumption of awarding costs to the prevailing party the following may be considered: (1) Whether the losing party prosecuted his/her case in good faith and with propriety; (2) Whether the case itself was close and difficult; (3) Whether the prevailing party unnecessarily prolonged trial or injected unmeritorious issues; (4) Whether the taxable costs incurred by the prevailing party were excessive; (5) Whether the prevailing party's recovery is so minimal or insignificant that the judgment amounts to a victory to the other party; and (6) Whether the losing party is indigent.

*Preston v. Federal Express Corp.,* No. 2:17-cv-02876, 2019 WL 3856593 at *1 (W.D. Tenn. July 11, 2019).

Defendants make no claim that Mr. Stover did not prosecute his case in good faith and with propriety. For the reasons set out in Exhibit 1, Mr. Stover as a practical matter is incapable of paying the requested $4,391.11 to Amazon. For these reasons, Defendants' Bill of Costs should be denied.

## 2. Defendants fail to state the necessity of the exorbitant per-page cost of three deposition transcripts.

In the alternative, if the Court were to decline to excuse him from payment of costs because of his financial condition and good faith conduct, Mr. Stover asserts that the Defendants have failed to explain the reasonableness or necessity of the significant disparity in their requested transcript reimbursement. Thus, the Court should reduce the transcription costs sought by Defendants, as explained herein.

Any costs taxed by the Court must be allowed under 28 U.S.C. § 1920 and must be reasonable and necessary in amount. *See BDT Prods., Inc. v. Lexmark Int'l, Inc.,* 405 F.3d 415, 417 (6th Cir. 2005), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.,* 132 S.Ct. 1997 (2012).

Of the seven deposition transcripts for which Defendants ask that costs be taxed, four were billed by the court reporter at the reasonable rate of approximately $2.03 per page while three were billed by a different court reporter at the significantly higher rate of $5.25 per page. Defendants have failed to explain the necessity for the great disparity in the per-page cost of these deposition transcripts. Defendants also have not offered any grounds upon which the Court could conclude that the higher rate should be deemed reasonable. The Defendants therefore have failed to establish

as required by statute that the higher rate was necessary. Accordingly, the Court should reduce the per-page transcript cost to the reasonable rate of $2.04 per hour.

The invoices attached as Defendants' exhibits to the Bill of Costs state the costs of deposition transcript as follows:[1]

| Deponent | Number of transcript pages | Transcript cost | Cost per page | Doc. number |
|---|---|---|---|---|
| Nemeth I | 127 pages | $261.35 | $2.05 | DN 86-3 |
| Nemeth II | 91 pages | $184.95 | $2.03 | DN 86-2 |
| Lunsford | 144 pages | $293.90 | $2.04 | DN 86-2 |
| Stalvey | 154 pages | $310.70 | $2.01 | DN 86-7 |
| Stover | 331 pages | $1,737.75 | $5.25 | DN 86-4 |
| Schindler | 94 pages | $493.50 | $5.25 | DN 86-5 |
| Baldwin | 106 pages | $556.50 | $5.25 | DN 86-6 |

The difference here is dramatic. For the Nemeth, Lunsford and Stalvey transcripts, Defendants ask to be reimbursed at the overall cost of $2.04 per page. If that rate were to be applied to the combined 531 pages of the Stover, Schindler and Baldwin transcripts, the total cost would

---

[1] The Defendants' exhibits do not expressly state the number of pages of each deposition. Undersigned counsel supplies the number of pages of each deposition and by his signature hereto certifies the accuracy of those numbers.

be $1,083.24, rather than the Defendants' requested cost of $2,787.75 for those pages. That is a difference of $1,704.51. The Defendants' Bill of Cost filing offers no explanation for that difference. Accordingly, as an alternative in the event the Court elects not to excuse Mr. Stover from costs on account of limited financial resources and good faith conduct, Mr. Stover requests that the Court reduce the amount owed by $1,704.51 because of Defendants' failure to demonstrate reasonableness and necessity of the $5.25 per page cost.

In *Pogue v. Northwestern Mutual Life Insurance Co*., Case No. 3:14-cv-0598, 2019 WL 2814643 at *3 (W.D. Ky. July 2, 2019), the Court reduced the allowable per-page charge where the presence of a per-page surcharge was not explained by the Defendant. *See also Vistein v. Am. Registry of Radiologic Technoligists*, No. 1:05-CV-2441, 2010 WL 918081, at *7 (N.D. Ohio Mar. 10, 2010) (rejecting deposition costs where party provided no explanation for the different costs per page).

### 3. Defendants failed to adequately explain the costs of $262.16.

Defendants seek $231.16 pursuant to an invoice from CIOX Health. DN 86-11. The invoice indicates that the billing concerns St. Joseph Hospital, but it does not state what service the Defendants received. If the billing is in fact for copies of medical records as Defendants assert, neither the invoice nor the Defendants' Itemization, 86-1, states state how many pages of records were provided via CIOX. Accordingly, there is no basis for Court to conclude that the taxation of this cost is reasonable or necessary.

Defendants also seek reimbursement of $31 for the copying of 31 pages of medical records at a price of $1.00 per page. DN 86-10. A cost of $1 per page for copying is excessive and should be denied. In *Hyland v. HomeServices of America, Inc.,* 2013 WL 1894513 at *2 (W,D,Ky. May 7, 2013), the court found a fee of fifteen cents per page to be reasonable. *See also U.S. Commodity*

*Futures Trading Comm'n v. WeCorp, Inc.,* 878 F.Supp.2d 1160, 1164 (D.Haw.2012) (awarding photocopying costs at a rate of fifteen cents per page); *Porter v. McDonough,* 2011 WL 821181, at *3 (D.Minn. Mar. 2, 2011) ("[T]he rate at which Defendants are seeking to recover their copy costs (15 cents per page) is reasonable."). A price of $1 per page is out of line with predominant thinking of courts regarding reasonableness.

In sum, if the Court were to decline to excuse Mr. Stover from payment of costs as requested herein, in the alternative it should further reduce the Defendants' request by $231.16 for the unexplained invoice at DN 86-11 and it should reduce the $1 per page cost in DN 86-10 to the reasonable rate of $0.15 per page, or $4.65 rather than $31.

### Conclusion

Based on the foregoing, Mr. Stover respectfully requests that Amazon's bill of costs be denied in total because of Mr. Stover's indigency status. In the alternative, Mr. Stover requests that Amazon's taxable costs be reduced by $1,962.02, from $4,391.11 to $2,429.09.


Respectfully submitted,


/s James L. Adams
Bart L. Greenwald
James L. Adams
Duncan Galloway Egan Greenwald, PLLC
9625 Ormsby Station Road
Louisville, Kentucky 40223
Office (502) 614-6970
Fax (502) 614-6980
bgreenwald@dgeglaw.com
jadams@dgeglaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that the above response was filed on this date, April

17, 2020, electronically through the Court's ECF system, which will automatically serve the

following counsel of record:

Jay Inman
jinman@littler.com
Elizabeth C. Barrera
ebarrera@littler.com
LITTLER MENDELSON, P.S.C.
333 West Vine Street, Suite 1720
Lexington, KY  40507
Telephone: 859.317.7970
Facsimile: 859.259.0067
*Attorneys for Defendants*

/s James L. Adams
*Counsel for Plaintiff*